IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| JAMISON M. DEBERRY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CO II KAZEEM OTUSAJO, )<br>)<br>Defendant. )<br>) | Civil Action No.: LKG-22-1518<br><br>Dated: August 14, 2023 |

## MEMORANDUM

Self-represented Plaintiff Jamison M. DeBerry, who is currently incarcerated at North Branch Correctional Institution, filed his Amended Complaint in this civil rights action against CO II Kazeem Otusajo alleging that he assaulted DeBerry and failed to get DeBerry medical treatment following the attack. ECF No. 7. On June 2, 2023, Otusajo moved to dismiss the Amended Complaint or, in the alternative, for summary judgment in their favor. ECF No. 22. DeBerry was informed by the Court, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that the failure to file a response in opposition to the Motion could result in dismissal of the Amended Complaint. ECF No. 23. To date, DeBerry has not filed a response. For the reasons discussed below, the Motion is granted.

I.   **BACKGROUND**

In DeBerry's Amended Complaint, he alleges that on August 9, 2021, while housed at Jessup Correctional Institution ("JCI"), Otusajo put a stick through the slot in DeBerry's cell door and hit DeBerry multiple times on his left leg. ECF No. 7 at 3. DeBerry was left in his cell bleeding for hours before he was taken to get his lacerations treated despite his and another inmate's attempts to get officers' attention for medical treatment. *Id.* DeBerry seeks monetary damages and to be transferred back to JCI and housed in administrative segregation. *Id.* at 4.

DeBerry states that he submitted a grievance through the administrative remedy procedure ("ARP") process and his allegations are under investigation by the Intelligence and Investigative Division ("IID"). ECF No. 1 at 3. Sandra Holmes, Administrative Officer III with

the Inmate Grievance Office ("IGO"), attests that DeBerry filed an ARP on August 12, 2021, concerning the claims raised in the Amended Complaint. ECF No. 22-3 at ¶ 2. IID assigned Detective Sargent Nwanja to investigate DeBerry's allegations. *Id.* at ¶ 3. DeBerry filed a grievance with IGO on September 28, 2021, prior to the completion of Nwanja's investigation. *Id.* at ¶ 5. Holmes advised DeBerry on December 21, 2021, that because of the ongoing IID investigation, the IGO was deferring consideration of his grievance. *Id.* at ¶ 6; ECF No. 22-5. Following completion of the investigation, Holmes determined that the ARP should be referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge. ECF No. 22-3 at ¶ 7; *see* ECF Nos. 22-4, 22-6. As of June 2, 2023, a hearing has not yet been scheduled by OAH. ECF No. 22-3 at ¶ 8.

## II.   STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim...However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Otusajo's Motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. ECF No. 18. Motions styled in this manner implicate the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp.2d 431, 436–37 (D. Md. 2011). Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the Court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the Court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261. Because Otusajo's Motion is styled as a motion to dismiss, or in the alternative,

for summary judgment, DeBerry was on notice that the Court could treat it as one for summary judgment and rule on that basis.

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Henry v. Purnell*, 652 F.3d 524, 548 (4th Cir. 2011)). Accordingly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original).

A court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 568–69 (4th Cir. 2015). At the same time, the Court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). The Court is mindful that DeBerry is a self-represented litigant. A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). A court cannot assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).

### III. DISCUSSION

Otusajo raises the affirmative defense that DeBerry has failed to exhaust his administrative remedies. If DeBerry's claim has not been properly presented through the administrative remedy procedure, it must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e. The Prisoner Litigation Reform Act states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any

3

other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).

Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, the plaintiff must nonetheless exhaust before this Court will hear the claim. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F. 2d 674, 682 (4th Cir. 2005). Because the Court may not consider an unexhausted claim, exhaustion prior to federal suit is mandatory. *Ross v. Blake*, 578 U.S. 632, 639 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Id.* (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires an inmate to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Importantly, however, the Court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Moreover, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 578 U.S. at 635. An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aquilar-Avellaveda*, 478 F. 3d at 1225); *Kaba*, 458 F.3d at 684.

The Maryland Department of Public Safety and Correctional Services ("DPSCS") has established the ARP for use by Maryland State prisoners for "inmate complaint resolution." *See generally* Md. Code Ann. (2008 Repl. Vol.), Corr. Servs. ("C.S."), §§ 10-201 *et seq.*; Md. Code Regs. ("COMAR") 12.07.01B(1) (defining ARP). The grievance procedure applies to the submission of "grievance[s] against … official[s] or employee[s] of the Division of Correction." C.S. § 10-206(a).

First, a prisoner must file an ARP with the warden within 30 days of the incident at issue. Md. Code Regs. § 12.02.28.05(D)(1) (requiring filing with the "managing official"); Md. Code

Regs. § 12.02.28.02(B)(14) (defining "managing official" as "the warden or other individual responsible for management of the correctional facility"); Md. Code Regs. § 12.02.28.09(B) (setting the 30-day deadline). Second, if the ARP is denied, or the inmate does not receive a timely response, a prisoner must file an appeal with the Commissioner of Correction within 30 days. Md. Code Regs. § 12.02.28.14(B)(5). If the appeal is denied, the prisoner must appeal within 30 days to the Inmate Grievance Office ("IGO"). *See* Md. Code. Ann., Corr. Servs. §§ 10-206, 10-210; Md. Code Regs. § 12.07.01.05(B).

If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing." C.S. § 10-207(b)(1); *see also* COMAR 12.07.01.06(B). An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii). Inmates may seek judicial review of the IGO's final determinations in a Maryland Circuit Court. *See* Md. Code Ann., Corr. Servs. § 10-210(a). However, if a hearing is deemed necessary by the IGO, the hearing is conducted by an administrative law judge with the Maryland OAH. *See* C.S. § 10-208; COMAR 12.07.01.07-.08. The conduct of such hearings is governed by statute. *See* C.S. § 10-208; COMAR 12.07.01.07(D); *see also* Md. Code Ann., State Gov't § 10-206(a)(1).

Here, while it is clear that DeBerry has filed an ARP concerning his claims against Otusajo, he has not yet exhausted his claim through the administrative process. Plaintiff filed his ARP on August 12, 2021. He eventually filed with the IGO, who deferred ruling on the merits of DeBerry's grievance while an IID investigation was ongoing. Plaintiff was advised of the ongoing investigation prior to initiation of this case. Subsequently, the IGO has referred the grievance to OAH for adjudication. Thus, as there has been no final decision on the merits of DeBerry's claim, it remains unexhausted. Moreover, even though the OAH will eventually adjudicate DeBerry's claim on the merits, exhausting administrative remedies after a complaint is filed will not save it from dismissal for failure to exhaust. *See Neal v. Goord*, 267 F.3d 116, 121-22 (2d Cir. 2001) (overruled on other grounds); *see also Germain v. Shearin*, 653 F. App'x 231, 234-35 (4th Cir. 2016) (finding that "exhausting has not occurred and dismissal is warranted when an institution's appeal process necessarily must continue after the filing of the complaint." (citations omitted)).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment is GRANTED. The Complaint is dismissed without prejudice for failure to exhaust administrative remedies.

A separate Order follows.

August 12, 2023
Date

LYDIA KAY GRIGGSBY
United States District Judge

6